**IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**IN RE:**

| | |
|---|---|
| **KINGFLY SPIRITS, LLC,** | **Case No. 26-20387-CMB** |
| **Debtor,** | **Chapter 7** |
| **WILSSON1, LLC,** | **Related to Doc No. 1** |
| **Movant,** | |
| **v.** | |
| **KINGFLY SPIRITS, LLC,** | |
| **Respondent.** | |

**MOTION TO DETERMINE THAT THE AUTOMATIC STAY DOES NOT APPLY**

**AND NOW,** Wilsson1, LLC ("Movant"), by and through its counsel, Ryan J. Cooney, Paul R. Toigo, and Cooney Law Offices, LLC, files the within Motion to Determine that the Automatic Stay Does Not Apply (the "Motion"), and avers as follows:

**BANKRUPTCY BACKGROUND**

1. On February 10, 2026 (the "Petition Date"), Kingfly Spirits, LLC (the "Debtor"), initiated the above-captioned proceeding by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") at Case No. 26-20387-CMB (the "Bankruptcy Case") in the United States Bankruptcy Court for the Western District of Pennsylvania (the "Court").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The relief requested herein is authorized by 11 U.S.C. § 362.

## FACTUAL BACKGROUND

5. Prior to the Petition Date, on February 19, 2020, the Debtor filed a Complaint in Civil Action in the Court of Common Pleas of Allegheny County Pennsylvania (the "State Court") against Blake Ragghianti ("Ragghianti") at Case Number GD-20-002719 (the "Civil Case").

6. On February 24, 2020 Ragghianti filed a *Praecipe for Writ of Summons in Civil Action Joining Additional Defendants with Lis Pendens* which joined the Movant into the Civil Action and placed a lis pendens upon the Movant's property at 2613 Smallman Street, Pittsburgh, PA 15222, Parcel ID: 0025-J-00187-0000-00 (the "Property"). Thereafter, on March 9, 2020, Ragghianti filed a *Praecipe to Index Lis Pendens*.

7. Notably, the pleadings asserting claims against the Movant seek only personal and monetary relief and do not assert any claim that would adjudicate or affect title to the Property. Moreover, in the Civil Case, the Debtor asserts no ownership in the Property.

8. On May 24, 2024, the Movant filed a *Motion to Strike Lis Pendens* (the "Motion to Strike") asserting that the pleadings against the Movant do not assert a claim that would adjudicate or affect title to the Property, which is required under Pennsylvania law to index a lis pendens.

9. On October 18, 2024 Ragghianti filed a *Response to the Motion to Strike Lis Pendens* (the "Response").

10. On February 16, 2026, the Debtor filed a *Suggestion of Bankruptcy* (the "Suggestion of Bankruptcy") in the Civil Case, which had the effect of staying the entire action.

11. Before the Debtor filed the Suggestion of Bankruptcy, the State Court had not entered any order adjudicating the Motion to Strike and Response.

12. During a status conference in March of 2026, and despite the Motion to Strike and Response having no effect on the Debtor, the State Court stated it would not take any action in the Civil Case due to the automatic stay.

**RELIEF REQUESTED**

13. The Movants seek an order confirming that the stay is inapplicable to the Motion to Strike and Response 11 U.S.C. §362(a).

14. 11 U.S.C. § 362(a) provides, in relevant part:

> **(a)** Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of--
>
> **(1)** the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> ...
>
> **(3)** any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

15. The Movant submits that the automatic stay does not apply to the continuation of the Civil Case with respect to the Motion to Strike and Response.

16. 11 U.S.C. § 362(a)(1) stays only proceedings against the debtor, and not actions commenced by the debtor. Mar. Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1204 (3d Cir. 1991); McCartney v. Integra Nat. Bank N., 106 F.3d 506, 509 (3d Cir. 1997).

17. Accordingly, the applicability of the automatic stay must be determined claim by claim and party by party in an action. Claims against the debtor may be stayed while claims by the debtor or proceedings involving non-debtors continue. Mar. Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1204 (3d Cir. 1991). As stated by the court in Mar. Elec. Co. v. United Jersey Bank, "All proceedings in a single case are not lumped together for purposes of automatic stay analysis. … Multiple claim and multiple party litigation must be disaggregated so that particular claims, counterclaims, crossclaims and third-party claims are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay." Id at 1204-1205.

18. 11 U.S.C. § 362(a)(1) does not stay a debtor-initiated proceeding merely because an adverse motion is filed within that proceeding.

19. Here, the Debtor commenced the Civil Case by filing the Complaint, and Ragghianti thereafter filed a praecipe joining Movant and indexing a lis pendens against the Movant's Property.

20. The Debtor has not asserted any ownership, lien, or other interest in the Property. The Motion to Strike, which presents a dispute solely between Movant and Ragghianti and seeks no affirmative relief against the Debtor. Adjudication of the motion to strike, therefore, is not a continuation of an action or proceeding "against the debtor" within the meaning of § 362(a)(1).

21. Additionally, under 11 U.S.C. § 362(d)(3) applies only to acts affecting property of the bankruptcy estate. It does not apply where the debtor holds no ownership, lien, or other property interest in the property at issue. See generally In re Irwin, 457 B.R. 413 (Bankr. E.D. Pa. 2011).

22. As such, a motion concerning property owned by a non-debtor does not implicate 11 U.S.C. § 362(d)(3) absent an estate interest in that property. Borman v. Raymark Indus., Inc., 946 F.2d 1031, 1035 (3d Cir. 1991).

23. The Property is owned solely by Movant, and the Debtor has not asserted any ownership, lien, or other legal or equitable interest in the Property. Accordingly, the Property is not property of the bankruptcy estate within the meaning of 11 U.S.C. § 541, and continuation and adjudication of the Motion to Strike does not constitute an act to obtain possession of, or to exercise control over, property of the estate under 11 U.S.C. § 362(a)(3). Because the Debtor holds no ownership, lien, or other property interest in the Property at issue, the relief sought with respect to the lis pendens concerns only non-debtor property and does not implicate the automatic stay.

24. The requested determination is limited to the foregoing motion practice concerning the lis pendens indexed by Ragghianti against the Movant's Property.

25. Movant does not seek relief as to any other claims, parties, or proceedings in the Civil Case.

WHEREFORE, Wilsson1, LLC respectfully requests that the Court enter the attached proposed Order determining that the automatic stay does not apply to the Allegheny County Court of Common Pleas' adjudication of the *Motion to Strike Lis Pendens* filed May 24, 2024 and the related *Response* filed October 18, 2024, and

granting such other and further relief as is consistent with the Motion and the attached proposed order.

Respectfully Submitted,

Date: September 1, 2026

*/s/ Ryan J. Cooney*

RYAN J. COONEY
PA I.D. #319213
PAUL R. TOIGO
PA I.D. #326991
Cooney Law Offices, LLC
Benedum Trees Building
223 Fourth Avenue, 4th Floor
Pittsburgh, PA 15222
(412) 546-1234 (phone)
(412) 546-1235 (facsimile)
rcooney@cooneylawyers.com
ptoigo@cooneylawyers.com