**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br><br>KINGFLY SPIRITS, LLC,<br><br>Debtor.<br><br>BLAKE RAGGHIANTI and DANIELLE RAGGHIANTI,<br><br>Movants,<br><br>v.<br><br>KINGFLY SPIRITS, LLC,<br><br>Respondent. | Case No. 26-20387-JCM<br><br>Chapter 7<br><br>Judge Melaragno<br><br>Related to Doc. No. _____<br><br>Hearing Date and Time: December 17, 2026 at 2:00 PM<br><br>Response Deadline: November 30, 2026 |

**MOTION OF BLAKE RAGGHIANTI AND DANIELLE RAGGHIANTI FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)(1) TO PROCEED IN STATE COURT AGAINST NON-DEBTOR DEFENDANTS AND TO PERMIT DISPOSITION OF A PENDING APPEAL**

Blake Ragghianti and Danielle Ragghianti (together, "Movants"), by and through their undersigned counsel, move under 11 U.S.C. § 362(d)(1) and Fed. R. Bankr. P. 4001(a) for relief from the automatic stay, to the extent the stay applies, so that they may prosecute their wrongful-use-of-civil-proceedings action pending in the Court of Common Pleas of Allegheny County, Pennsylvania, against the non-debtor defendants, with the Debtor named only as a nominal party and with no enforcement against the Debtor or property of the estate. Blake Ragghianti, who is a party to the related appeal pending in the Superior Court of Pennsylvania at No. 1475 WDA 2025, also seeks relief, to the extent the stay applies, so that the Superior Court may decide that appeal. In support, Movants state:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested is 11 U.S.C. § 362(d)(1), Fed. R. Bankr. P. 4001(a) and 9014, and W.PA.LBR 4001-1 and 9013-3.

## BACKGROUND

### A. The Bankruptcy Case

3. On February 10, 2026 (the "Petition Date"), Kingfly Spirits, LLC (the "Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code in this Court at the above case number.

4. Crystal H. Thornton-Illar, Esquire, is the Chapter 7 Trustee (the "Trustee"). The meeting of creditors under 11 U.S.C. § 341 was held and closed on May 11, 2026. On September 29, 2026, the Trustee filed a Notice of Assets and Request for Notice to Creditors, and on September 30, 2026, the Court set a deadline of December 9, 2026 for filing proofs of claim.

5. Movant Blake Ragghianti is a member of the Debtor, and the Debtor's Schedules list him as a litigation adverse party. Movants are also creditors. Movants filed Proofs of Claim Nos. 2 and 3 on the Claims Register, asserted on the basis of the Dragonetti Act claims described below in the amount of $5,000,000.00. The claim is joint but is listed under the names of both the husband Blake Ragghianti and the wife, Danielle Ragghianti.

**B. The Dragonetti Action**

6. Movants are the plaintiffs in *Ragghianti v. Willson, et al.*, No. GD-25-005403, pending in the Court of Common Pleas of Allegheny County, Pennsylvania (the "Dragonetti Action"). The defendants are Mark J. Willson, Ebbrezza, Inc., the Debtor, George R. Farneth, II, The Farneth Law Group, LLC, Nicholas A. Miller, and Brenlove & Fuller, LLC (collectively, the "State Court Defendants"). The Dragonetti Action was commenced on May 20, 2025, well before the Petition Date, and Movants filed their Amended Complaint on August 14, 2025 (Exhibit A).

7. Count I of the Amended Complaint asserts a claim against all State Court Defendants under the Wrongful Use of Civil Proceedings Act, 42 Pa.C.S. §§ 8351–8355 (the "Dragonetti Act"). Count II of the Amended Complaint, which asserted abuse of process, was dismissed without prejudice by consent order dated November 20, 2025 (Exhibit K), so Count I is the only remaining claim. The claims arise from a civil RICO action filed in the United States District Court for the Western District of Pennsylvania at No. 1:22-cv-00050-CB, in which the district court dismissed the federal claims with prejudice by Memorandum Order dated September 25, 2023 (Doc. 171) (Exhibit B). Movants allege that the RICO action was brought without probable cause and for an improper purpose, and that they incurred substantial attorney's fees and other damages defending it, including at least $93,122.50 in fees.

8. Mr. Farneth, The Farneth Law Group, LLC, Mr. Miller, and Brenlove & Fuller, LLC are the lawyers and law firms that prosecuted the RICO action. Mr. Willson is the Debtor's principal and the sole owner of Ebbrezza, Inc., which is a member of the Debtor. Except for the Debtor, none of the State Court Defendants is a debtor in any bankruptcy case.

9. The Debtor's counsel filed a Suggestion of Bankruptcy in the Dragonetti Action on February 18, 2026 (Exhibit C). The Suggestion states that, because of 11 U.S.C. § 362(a), "all proceedings in this action as they may affect the Debtor are stayed." It does not assert that the stay extends to any other defendant.

10. Separately, by Order of Court dated June 11, 2026 (Exhibit E), the Court of Common Pleas granted the Amended Motion to Stay Proceedings of Defendant The Farneth Law Group, LLC, and stayed the Dragonetti Action "until the conclusion of Defendant Kingfly's Bankruptcy proceedings and the appeal of the Motion for Protective Order filed in *Tugirls, Inc., et al. v. Kingfly Spirits, LLC, et al.*, No. 12021-2020" (Erie County C.C.P.). That appeal is pending in the Superior Court at No. 1475 WDA 2025 and has itself been stayed because of the Debtor's bankruptcy. The order does not state its basis. Farneth's motion (Exhibit D), which Mr. Miller and Brenlove & Fuller joined, relied on three grounds: extending the automatic stay to the non-debtor defendants, the pending protective-order appeal, and the court's discretion to manage its docket. The order is an exercise of the state court's own authority and is not the automatic stay. Movants do not ask this Court to modify it. Movants intend to ask the Court of Common Pleas to lift or modify it, and seek relief here so that the automatic stay is not an obstacle to that request.

11. Movants submitted a Motion to Sever Defendant Kingfly Spirits, LLC and to Continue Proceedings Against Remaining Defendants under Pa.R.C.P. 213(b) (the "Severance Motion") (Exhibit F) on May 21, 2026. That day, the motion was e-mailed to the chambers of the assigned judge, to counsel for all defendants including the Debtor's counsel, and to the Trustee, and Movants served an updated notice on the Trustee and the Debtor's counsel on May 27, 2026. On June 1, 2026, Farneth filed a response in

opposition (Exhibit J), and on June 2, 2026, Mr. Miller and Brenlove & Fuller joined that opposition. Also on June 1, 2026, the Debtor, through bankruptcy counsel appearing for a limited purpose, filed a Reservation of Rights stating that it has no remaining agents or employees with authority to act, that the Trustee has complete authority over the estate, and that no party had sought relief from the automatic stay in this Court (Exhibit I). The Severance Motion does not appear on the Allegheny County docket report as of October 8, 2026, and the Court of Common Pleas did not rule on it before entering the June 11, 2026 order. If the Severance Motion is granted, the Debtor will not be a party to the claims against the non-debtor defendants, and the relief requested here will be needed only as to the claims against the Debtor.

**C. The Erie County Case and the Pending Appeal**

12. The Debtor is a defendant in *Tugirls, Inc. d/b/a Justina Tushak CPA, and EA & Company v. Kingfly Spirits LLC*, No. 2020-12021, pending in the Court of Common Pleas of Erie County (the "Erie Case"). In the Erie Case the Debtor joined Blake Ragghianti as an additional defendant, and Mr. Ragghianti in turn joined Mr. Willson and Ebbrezza, Inc. Danielle Ragghianti is not a party to the Erie Case.

13. In the Erie Case, Mr. Ragghianti sought a protective order for communications between himself and his attorney that he asserts are protected by the attorney-client privilege. The Honorable John J. Mead granted the protective order in part by order dated October 14, 2025 (Exhibit G), finding a portion of the communications privileged. The Debtor, Mr. Willson, and Ebbrezza, Inc. appealed to the Superior Court of Pennsylvania on November 17, 2025, at No. 1475 WDA 2025 (the "Appeal").

14. By Order dated April 24, 2026 (Exhibit H), the Superior Court stayed the Appeal "in accordance with the automatic stay provision of the United States Bankruptcy

Code," and provided that the Appeal will proceed upon notice that the stay is no longer in effect "due to the issuance of an order by the Bankruptcy Court either lifting the automatic stay or providing for severance of any of the parties." The Superior Court required an initial status update by October 21, 2026. Two of the three appellants, Mr. Willson and Ebbrezza, Inc., are not debtors.

**RELIEF REQUESTED**

15. Movants request that the Court modify the automatic stay under § 362(d)(1), to the extent it applies, so that Movants may prosecute the Dragonetti Action through trial and final judgment against all State Court Defendants, including the Debtor as a nominal defendant, subject to the following limits:

(a) Movants shall not execute upon, levy against, or otherwise enforce any judgment against the Debtor or property of the estate absent further order of this Court;

(b) Any claim that Movants hold against the Debtor, whether or not liquidated in the Dragonetti Action, shall be asserted and administered only through the claims process in this bankruptcy case, and Movants will not seek payment from the estate other than as allowed in that process;

(c) The Trustee is not required to appear, defend, or incur expense in the Dragonetti Action, and Movants will not seek to impose costs on the estate. Any discovery directed to the Debtor or to the Trustee will be served on the Trustee's counsel, and the Trustee retains all rights to object, including by application to this Court.

16. Blake Ragghianti separately requests that the Court modify the automatic stay under § 362(d)(1), to the extent it applies, so that the Superior Court may decide the Appeal at No. 1475 WDA 2025 on the existing record, subject to the following limits: (a) the Trustee may elect, in her discretion, to continue, withdraw, or take no position on the Debtor's appeal, and nothing in the order requires the estate to fund or participate in it; (b) the Appeal will proceed as to the non-debtor appellants regardless of the Trustee's election; and (c) the relief extends only to appellate review of the protective-order ruling and does not permit any action against the Debtor or property of the estate in the Erie Case.

17. This Motion seeks only relief from the automatic stay. It does not seek any other relief, and Movants request no determination other than as to § 362(d)(1). W.PA.LBR 4001-1.

## BASIS FOR RELIEF

### A. The Stay Protects the Debtor, Not the Non-Debtor State Court Defendants

18. Section 362(a) stays actions "against the debtor." The Third Circuit has held that the automatic stay protects the debtor and property of the estate and does not extend to non-debtor co-defendants, absent unusual circumstances. *Maritime Electric Co. v. United Jersey Bank*, 959 F.2d 1194, 1204–05 (3d Cir. 1991); *McCartney v. Integra National Bank North*, 106 F.3d 506, 509–10 (3d Cir. 1997). The exception applies only in unusual circumstances, such as where a judgment against the non-debtor would in effect be a judgment against the debtor. *McCartney*, 106 F.3d at 510.

19. Movants' claims against Mr. Willson, Mr. Farneth, Mr. Miller, and their respective entities are claims against non-debtors for their own conduct. Nothing in the

record shows the unusual circumstances that would extend the stay to them: the Debtor is a Chapter 7 debtor that will not reorganize, Movants assert no claim of vicarious liability or indemnity running from the non-debtor defendants to the Debtor, and Movants seek no relief against estate property. Movants therefore believe that the stay does not bar the Dragonetti Action as to the non-debtor State Court Defendants. Because the Debtor is a named defendant in the same action and has suggested a stay of proceedings "as they may affect the Debtor," Movants file this Motion to avoid any dispute over the stay's scope and so that no ruling of this Court stands in the way of the state court's consideration of whether the action should proceed.

**B. Cause Exists to Grant Relief as to the Debtor**

20. Section 362(d)(1) requires the Court to grant relief "for cause." Courts weigh whether (i) any great prejudice to the debtor or the estate will result from continuing the litigation, (ii) the hardship to the movant from maintaining the stay considerably outweighs the hardship to the debtor, and (iii) the movant has a probability of prevailing on the merits. *See In re Rexene Products Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992). Each factor favors relief.

21. *No prejudice to the estate.* The Debtor is a Chapter 7 debtor, and the Trustee has no operating business to protect. The Trustee has filed a Notice of Assets and is administering the estate. The relief requested does not interfere with that administration. Movants do not seek to collect from the Debtor or the estate outside the claims process, and the relief imposes no cost or burden on the Trustee. Upon information and belief, the Debtor has no liability insurance that would respond to the claims, so the Dragonetti Action will not deplete any insurance asset in which the estate has an interest. Counsel

for Movants has conferred with counsel for the Trustee, who has declined to advise of the Trustee's position on this motion.

22. *Hardship to Movants*. The Dragonetti Action concerns the same defendants and a single course of conduct. The Debtor is one of several defendants alleged to be jointly and severally liable. If the Debtor's presence in the action is used to halt the case, Movants will be unable to proceed against the non-debtor defendants, whose conduct is at the center of Movants' claims, while evidence ages and witnesses' recollections fade. The hardship to the estate from allowing the case to proceed, with the Debtor as a nominal party and with no enforcement against estate property, is minimal.

23. *Judicial economy and the forum*. The Dragonetti Act claims arise under Pennsylvania law and are pending before the Allegheny County Court of Common Pleas, which is best placed to decide them. Movants have demanded a jury. Liquidating the claims in a single forum, against all responsible parties, avoids duplicative litigation and the risk of inconsistent results, and allows this Court to fix the Debtor's share, if any, through the claims process on a developed record.

24. *Probability of success*. The standard at this stage is a low threshold: Movants need only make a slight showing of a probability of success. The federal district court dismissed the RICO action with prejudice and found no plausible allegation of an enterprise or its structure (Exhibit B). Movants have pleaded, among other facts, that the RICO action was brought without probable cause and for an improper purpose. Those pleaded facts, together with the district court's ruling, are sufficient to satisfy this factor.

### C. Cause Exists to Permit the Superior Court to Decide the Appeal

25. The Appeal reviews an order protecting Mr. Ragghianti's attorney-client communications. It is not an effort to collect a claim from the Debtor or to reach property

of the estate. Two of the three appellants are not debtors, and the stay does not protect them. *Maritime Electric*, 959 F.2d at 1204–05. Whether the stay reaches an appeal brought by a debtor depends on the posture of the proceeding below, and the Superior Court has treated the entire Appeal as stayed. Movants request relief to the extent the stay applies, so that the Superior Court's condition for resuming the Appeal is satisfied.

26. The relevant factors favor relief. The estate bears no cost, because the Trustee may elect not to participate. Farneth himself contends that the outcome of the Appeal will determine his ability to use documents central to his defense and that the Dragonetti Action should not proceed until it is decided (Exhibit J ¶ 5), so the parties agree that the Appeal should be resolved. Mr. Ragghianti is prejudiced by the continuing uncertainty over his privileged communications, and the unresolved Appeal is a stated ground on which the defendants in the Dragonetti Action obtained a stay of that action. The Superior Court is the forum with jurisdiction to decide the Appeal, which has been fully litigated below, and the Trustee's pursuit of estate assets does not depend on its outcome.

### D. Waiver of the Fourteen-Day Stay

27. Movants request that the order granting relief be effective immediately, notwithstanding Fed. R. Bankr. P. 4001(a)(3), because relief is limited to liquidating claims in the state court and does not permit any action against estate property.

## RESERVATION OF RIGHTS

28. Movants reserve all rights, claims, and remedies against the Debtor, the estate, and every other person, including the right to amend their proof of claim, and

nothing in this Motion waives any of them. Movants do not by this Motion seek relief in any other action, except as expressly provided in the proposed order.

WHEREFORE, Movants respectfully request that this Court enter an order, substantially in the form attached, (i) modifying the automatic stay under 11 U.S.C. § 362(d)(1), to the extent it applies, to permit Movants to prosecute *Ragghianti v. Willson, et al.*, No. GD-25-005403 (Allegheny County C.C.P.), against all defendants, including the Debtor as a nominal defendant, subject to the limits stated in Paragraph 15 above; (ii) permitting Blake Ragghianti to proceed in the Superior Court of Pennsylvania at No. 1475 WDA 2025 as stated in Paragraph 16 above; (iii) providing that the order is effective immediately notwithstanding Fed. R. Bankr. P. 4001(a)(3); and (iv) granting such other relief as is just.

Dated: October 23, 2026

Respectfully submitted,

MCNAIR LAW OFFICES, PLLC

By: s/ Timothy D. McNair

Timothy D. McNair, Esquire
Pa. ID No. 34304
821 State Street
Erie, PA 16501
(814) 452-0700
(814) 454-2371 (fax)
tmcnair@mcnairlaw.com
Counsel for Movants, Blake Ragghianti and Danielle Ragghianti