# EXHIBIT D

---

**Amended Motion to Stay Proceedings of**

The Farneth Law Group, LLC

No. GD-25-005403 (Allegheny C.C.P.)

Filed May 18, 2026 (with its exhibits)

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

BLAKE RAGGHIANTI and DANIELLE RAGGHIANTI,

Plaintiffs,

v.

MARK J. WILLSON, EBBREZZA, INC., KINGFLY SPIRITS, LLC, GEORGE R. FARNETH LAW GROUP, LLC, NICHOLAS A. MILLER, and BRENLOVE & FULLER, LLC.,

Defendants.

COURT DIVISION DIVISION

GD 25-005403

**GEORGE R. FARNETH LAW GROUP, LLC'S AMENDED MOTION TO STAY PROCEEDINGS, BRIEF IN SUPPORT AND ORDER OF COURT**

Filed on behalf of Defendant, George R. Farneth Law Group, LLC

Attorneys for: Defendant, George R. Farneth Law Group, LLC

Counsel of record for these parties:

Steven W. Zoffer, Esquire
PA I.D.# 62497

Brett W. Farrar, Esquire
PA I.D. #79217

Dickie, McCamey & Chilcote, P.C.
Firm #067
Four Gateway Center
444 Liberty Ave, Suite 1000
Pittsburgh, PA 15222

(412) 281-7272

**JURY TRIAL DEMANDED**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| BLAKE RAGGHIANTI and DANIELLE RAGGHIANTI,<br><br>Plaintiffs,<br><br>v.<br><br>MARK J. WILLSON, EBBREZZA, INC., KINGFLY SPIRITS, LLC, GEORGE R. FARNETH LAW GROUP, LLC, NICHOLAS A. MILLER, and BRENLOVE & FULLER, LLC.,<br><br>Defendants. | COURT DIVISION DIVISION<br><br>GD 25-005403 |

**NOTICE OF PRESENTATION**

TAKE NOTICE that Defendant, The Farneth Law Group, LLC, improperly identified as George R. Farneth Law Group, LLC, will present its **Amended Motion to Stay** in front of the Honorable Chelsa Wagner in Courtroom 703 of the City-County Building, 414 Grant Street, Pittsburgh, PA 15219 at 9:30 a.m. or at the court's earliest convenience on May 27, 2026. If you oppose this Motion, you **must** file a written response to the Court by Noon on May 26, 2026. All written responses shall be sent to the Court via email at bkorinski@alleghenycourts.us and ayatsko@alleghenycourts.us.

Respectfully submitted,

DICKIE, McCAMEY & CHILCOTE, P.C.

By: */s/ Brett W. Farrar*

Steven W. Zoffer, Esquire
PA I.D. #62497
Brett W. Farrar, Esquire
PA I.D. #79217

Four Gateway Center
444 Liberty Ave, Suite 1000
Pittsburgh, PA 15222 (412) 281-7272

*Counsel for Defendant, George R. Farneth Law Group, LLC*

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| BLAKE RAGGHIANTI AND DANIELLE RAGGHIANTI,<br><br>Plaintiffs,<br><br>v.<br><br>MARK J. WILLSON, EBBREZZA, INC., KINGFLY SPIRITS, LLC, GEORGE R. FARNETH LAW GROUP, LLC, NICHOLAS A. MILLER, and BRENLOVE & FULLER, LLC.,<br><br>Defendants. | COURT DIVISION DIVISION<br><br>GD 25-005403 |

**GEORGE R. FARNETH LAW GROUP, LLC'S AMENDED MOTION TO STAY PROCEEDINGS**

AND NOW, comes The Farneth Law Group, LLC ("Farneth" unless otherwise specifically identified) improperly identified as George R. Farneth Law Group, LLC, by and through its attorneys, Dickie, McCamey & Chilcote, P.C., and files this Amended Motion to Stay Proceedings as follows:

1. This matter arises out of a dispute over a Distillery business—Kingfly Spirits, LLC—that, until February 10, 2026, operated in the strip district neighborhood of the City of Pittsburgh, Pennsylvania. Kingfly Spirits, LLC (hereinafter "Kingfly") is not only itself a key party to these proceedings, but is at the core of the dispute; it is what brought these parties together and is the very reason these parties find themselves before this Honorable Court. Stated another way, without Kingfly, there is no dispute and there is no lawsuit.
2. Plaintiffs filed their Amended Complaint on August 14, 2025 asserting one count for Wrongful Use of Civil Proceedings and one count for Abuse of Process.

3. In their Amended Complaint, Plaintiffs allege that in 2015, Blake Ragghianti ("Ragghianti") and Defendant Mark Willson ("Willson") became co-owners of a craft distillery business after Willson invested capital into the venture, which ultimately became Kingfly. (Amended Complaint, ¶¶ 11, 12)
4. Plaintiffs allege disagreements between Willson and Ragghianti culminated in Willson unilaterally locking Ragghianti out of the Kingfly business in 2020. (*Id*., ¶¶ 13, 15)
5. Willson, via Kingfly (and/or Ebbrezza), subsequently filed a lawsuit against Ragghianti in the Court of Common Pleas of Allegheny County, Pennsylvania at Docket No. GD-20-002719, asserting claims arising from the Kingfly dispute, including allegations that Ragghianti had misappropriated Kingfly property and other related tort and contract claims. (*Id*., ¶ 19)
6. Kingfly's accounting firm filed a lawsuit against Kingfly in the Erie County Court of Common Pleas seeking payment of its fees. Willson, through counsel, joined Ragghianti as a defendant in that suit. (*Id.*, ¶ 21)
7. A third case was filed against Ragghianti, his wife Danielle Ragghianti, and several of Ragghianti's business associates, including Klett, in the United States District Court for the Western District of Pennsylvania alleging that the defendants in that case engaged in racketeering and damaged the Kingfly business and Willson (the "RICO case"). (*Id.*, ¶ 23)
8. Willson, Ebbrezza, and Kingfly (Kingfly represented by Farneth) brought a claim under the federal Racketeer Influence and Corrupt Organizations Act (RICO) along with numerous state-law causes of action. (*Id*., ¶¶ 23, 37)

9. Plaintiffs, Mr. and Mrs. Ragghianti, allege there was no basis to file the RICO case and that the RICO case was filed for an improper purpose. (*Id*., ¶¶ 26, 27, 44-47)
10. Defendants in the underlying RICO case filed a motion to dismiss the federal action which the court granted on September 25, 2023, for failure to state a RICO claim. (*Id*., ¶¶ 35, 36) The court also refused to exercise supplemental jurisdiction over the remaining state-law claims. (*Id*., ¶ 37)
11. Plaintiffs now allege they incurred significant harm in defending the RICO case, including attorneys' fees and related legal costs, damage to Ragghianti's professional reputation and prospective business relationships, and emotional distress to both Plaintiffs. (*Id*., ¶ 38-42)
12. Defendant Kingfly filed a Suggestion of Bankruptcy on February 18, 2026 notifying the Court that Kingfly filed a voluntary bankruptcy petition under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the Western District of Pennsylvania on February 10, 2026, and initiating a stay of proceedings pursuant to 11 U.S.C. § 362(a). *See* Docket Entry 44.
13. Similarly, Defendant Kingfly filed a Suggestion of Bankruptcy on February 16, 2026 in the Court of Common Pleas of Allegheny County Case No. GD-25-008236, notifying the Court that Kingfly filed a voluntary bankruptcy petition under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the Western District of Pennsylvania on February 10, 2026, and initiating a stay of proceedings pursuant to 11 U.S.C. § 362(a). *See* Docket Entry 22. Pursuant to this filing, the Preliminary Objections argument scheduled for April 6, 2026 was cancelled.

14. Kingfly also filed a Suggestion of Bankruptcy in Case No. 1475 WDA 2025, notifying the Court that Kingfly filed a voluntary bankruptcy petition under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the Western District of Pennsylvania on March 23, 2026. On April 24, 2026, the case was stayed in accordance with the automatic stay provision of the United States Bankruptcy Code, 11 U.S.C. § 362(a). That Order is attached hereto as **Exhibit B**.

15. It is Farneth's position that this case should properly be stayed as to all parties for the reasons set forth herein.

## ARGUMENT

**I. Kingfly has filed for Bankruptcy and the automatic stay is in effect. Accordingly this case must properly be stayed because the claims and parties hereto are so intertwined with the Kingfly business that complete relief, both in terms of the claims and defenses, cannot be disentangled from Kingfly.**

16. "The court in which the litigation claimed to be stayed is pending thus 'has jurisdiction to determine not only its own jurisdiction but also the more precise question of whether the proceeding pending before it is subject to the automatic stay.'" *Com., Dep't of Env't Res. v. Ingram*, 658 A.2d 435, 437 (Pa. Commw. Ct. 1995) (*citing Brock v. Morysville Body Works*, 829 F.2d 383, 387 (3d Cir.1987)).

17. Pursuant to Section 362 of the Bankruptcy Act, "(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of— (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to

recover a claim against the debtor that arose before the commencement of the case under this title....” 11 U.S.C. § 362(a)(1) (1991).

18. The scope of the automatic stay is broad. *Assoc. of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d Cir.1982).

19. “All proceedings are stayed, including ... judicial proceedings. Proceeding in this sense encompasses civil actions....” *Id.*

20. Section 362’s stay is mandatory and applicable to all entities, including state and federal courts. 11 U.S.C. § 362(a).

21. Courts have recognized that extending the automatic stay to non-bankrupt co-defendants is sensible and appropriate under the circumstances that are presented here. *McCartney v. Integra Nat. Bank N.*, 106 F.3d 506, 510 (3d Cir. 1997).

22. Here, Plaintiffs’ Complaint arises from underlying cases that, almost entirely, arise out of the operations of Kingfly. Kingfly is at the center of this dispute; these cases do not arise without Kingfly.

23. Farneth is involved only insofar as he served as Kingfly’s counsel.

24. Farneth’s defense largely relies on justifying his actions based on information and evidence provided by his client, Kingfly.

25. It follows that most, if not all, of the discovery that will inform Farneth’s defense will come from Kingfly.

26. Further, Plaintiffs allege that all defendants *acted together* when committing the tort of Wrongful Use of Civil Proceedings. (Complaint, ¶ 50)

27. Indeed, the Wrongful Use of Civil Proceedings count in Plaintiffs’ Complaint is against *all* defendants.

28. At no point do Plaintiffs allege wrongdoing on the part of Kingfly for actions taken in isolation; rather, any alleged wrongdoing was done jointly with the other defendants.
29. In Plaintiffs' prayer for relief, they seek damages against defendants "jointly and severally".
30. Clearly, Plaintiffs' case against each of the defendants is very closely related, sharing an identity of evidence, issues and parties.
31. If argued that Farneth was acting as Kingfly's agent when filing the Complaint at issue and a judgment is entered against Farneth, that judgment can be used in the case against Kingfly when the stay is lifted.
32. It follows that any judgment against Farneth "will in effect be judgment or finding against [Kingfly]" and, as such, the circumstances are clearly present that make an extension of the stay to Farneth appropriate. *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986).
33. The court's ability to extend a stay to co-defendants of the debtor under a similar set of circumstances was demonstrated in *Raudonis as trustee for Walter J. Raudonis 2016 Revocable Tr. v. RealtyShares, Inc.*, 507 F. Supp. 3d 378, 383 (D. Mass. 2020).
34. In that case, similar to the facts here, there were no actions taken against the debtor in isolation and Plaintiffs sought damages against defendants jointly and severally.
35. Defendants argued that the case should be stayed as to all defendants given how closely related they were, and the court agreed, holding that the pleadings "make it difficult to disentangle the liability of [the defendants]. Because the operations and alleged malfeasance of the defendants were "interrelated, intertwined and

intermingled," extension of the stay in this case appears to be appropriate." *Id.* (internal citations omitted).

36. For this reason, the stay applied to Kingfly should be extended to Farneth.

**II. There is also currently a pending appeal on a Motion for a Protective Order in a related case that will directly impact discovery in this case, independently (of the Kingfly Bankruptcy) requiring this case be stayed until the resolution of that appeal.**

37. Pursuant to 231 Pa. Code Rule 4013, proceedings may also be stayed pending the disposition of a motion for good cause shown.

38. Further, the Supreme Court of Pennsylvania has held that a grant of a stay is warranted if: 1. The petitioner makes a strong showing that he is likely to prevail on the merits; 2. The petitioner has shown that without the requested relief, he will suffer irreparable injury; 3. The issuance of a stay will not substantially harm other interested parties in the proceedings; and 4. The issuance of a stay will not adversely affect the public interest. *Pennsylvania Pub. Util. Comm'n v. Process Gas Consumers Grp.*, 467 A.2d 805, 808-809 (Pa. 1983) (*citing Virginia Petroleum Jobbers Association v. Federal Power Commission*, 259 F.2d 921 (D.C. Cir. 1958)).

39. The District of Columbia Circuit Court further refined the *Virginia Jobbers* standard and held that "when confronted with a case in which the other three factors strongly favor interim relief[, the court] may exercise its discretion to grant a stay if the movant has made a substantial case on the merits." *Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C.Cir.1977).

40. "The requirement that the applicant for a stay show that it is likely he will prevail on the merits should not be an inflexible rule. This criterion must be considered and weighed relative to the other three criteria." *Pennsylvania Pub. Util. Comm'n*, 467

A.2d at 809, n. 8. "An application for a stay pending appeal always involves a situation in which the merits of the dispute have been fully considered in an adversary setting and a final decree rendered." *Id.*

41. Here, Blake Ragghianti filed a Motion for a Protective Order in a related case in the Court of Common Pleas of Erie County (*Tugirls, Inc., et al. v. Kingfly Spirits, LLC, et al.*, No. 12021-2020) to protect communications between him and the instant Plaintiff, David Klett pursuant to attorney-client privilege.

42. Kingfly objected, arguing that the privilege was waived.

43. After an appeal and remand, Ragghianti was ordered to submit communications between himself and Attorney David Klett for in-camera review to determine whether the communications were protected by attorney-client privilege.

44. The protective order was then granted in part (*see* **Exhibit A**), and Kingfly appealed.

45. That appeal, however, is still pending.

46. Kingfly filed a Suggestion of Bankruptcy in that case, Case No. 1475 WDA 2025, notifying the Court that Kingfly filed a voluntary bankruptcy petition under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the Western District of Pennsylvania on March 23, 2026. On April 24, 2026, the case was stayed in accordance with the automatic stay provision of the United States Bankruptcy Code, 11 U.S.C. § 362(a). That Order is attached hereto as **Exhibit B**.

47. Documents at issue under that protective order are pivotal to Farneth's defense and thus would need to be produced in discovery.

48. Accordingly, if this case was not stayed, Farneth would be greatly prejudiced in his defense, as he would be prohibited from producing evidence that is vital to his defense.

49. Further, there is no harm to Plaintiffs by staying the case, especially given that the automatic stay discussed above already applies to Kingfly.

50. The public's interest would also not be impacted by the court staying this case.

**III. This Court has discretion to stay any proceedings in the interest of judicial economy.**

51. The granting of a stay is within the discretion of the trial court. *Singer v. Dong Sup Cha*, 550 A.2d 791, 793 (Pa. Super. 1988); *Klein v. City of Philadelphia*, 465 A.2d 730, 731 (Pa. Commw. 1983).

52. This Court has discretion to stay any proceedings before it so as "to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). *See also*, *Tchrs. Ins. & Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986) ("[T]he district courts often utilize their discretionary power to stay proceeding in the interest of justice and in control of their dockets."); *Nigro v. Blumberg*, 373 F. Supp. 1206, 1213 (E.D. Pa. 1974) ("When . . . the movants have met the burden of demonstrating that the interests of justice will be served and that plaintiff will not be prejudiced by a stay of these proceedings, we are persuaded to order such a stay.")

53. Courts have stayed proceedings when "judicial resources and the resources of the parties will be conserved if this case proceeds as a whole, not piece meal." *Villafañe–Colon v. B Open Enters., Inc.*, 932 F. Supp. 2d 274, 281 (D.P.R. 2013) (noting that

"[m]ost of the allegations in [the] complaint … relate to the [bankrupt defendant], not the other defendants" and that "efforts would be duplicated if and when the stay is lifted as to" the bankrupt defendant).

54. Here, Kingfly is a necessary party to these proceedings and, in fact, is the central basis for the matters in dispute among these parties.

55. If Farneth is somehow found liable, it would only be by virtue of Farneth's position as Kingfly's counsel.

56. If discovery is to be taken, the documents and answers sought are likely in Kingfly's custody and control.

57. As discussed above, the allegations are made against all defendants in concert, with one count against all defendants jointly, seeking joint and several liability.

58. It would be highly prejudicial and exceedingly difficult, if not impossible, to proceed against Farneth without Kingfly's participation.

59. Attempting to do so will only waste the parties' and this Court's resources, as it would require duplicative discovery, duplicative dispositive motions, and potentially even duplicative trials.

60. As such, this Court should exercise its discretion and stay these proceedings.

WHEREFORE, Farneth respectfully requests that this Court grant this Amended Motion to Stay and stay these proceedings until the resolution of both 1) Kingfly's bankruptcy proceedings, and 2) the Erie County (No. 12021-2020) pending appeal of Ragghianti's Motion for a Protective Order.

Respectfully submitted,

DICKIE, McCAMEY & CHILCOTE, P.C.

By: */s/ Brett W. Farrar*

Steven W. Zoffer, Esquire
PA I.D.# 62497
Brett W. Farrar, Esquire
PA I.D.# 79217
Four Gateway Center
444 Liberty Ave, Suite
Pittsburgh, PA 15222
(412) 281-7272

*Counsel for Defendant, George R. Farneth Law Group, LLC*

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| BLAKE RAGGHIANTI AND DANIELLE RAGGHIANTI,<br><br>Plaintiffs,<br><br>v.<br><br>MARK J. WILLSON, EBBREZZA, INC., KINGFLY SPIRITS, LLC, GEORGE R. FARNETH LAW GROUP, LLC, NICHOLAS A. MILLER, and BRENLOVE & FULLER, LLC.,<br><br>Defendants. | COURT DIVISION DIVISION<br><br>GD 25-005403 |

**GEORGE R. FARNETH LAW GROUP, LLC'S BRIEF IN SUPPORT OF AMENDED MOTION TO STAY PROCEEDINGS**

AND NOW, comes The Farneth Law Group, LLC ("Farneth" unless otherwise specifically identified) improperly identified as George R. Farneth Law Group, LLC, by and through their attorneys, Dickie, McCamey & Chilcote, P.C., and files this Brief in Support of Amended Motion to Stay Proceedings as follows:

This matter arises out of a dispute over a Distillery business—Kingfly Spirits—that, until February 10, 2026, operated in the strip district neighborhood of the City of Pittsburgh, Pennsylvania. Kingfly Spirits, LLC (hereinafter "Kingfly") is not only itself a key party to these proceedings, but is at the core of the dispute; it is what brought these parties together and is the very reason these parties find themselves before this Honorable Court. Stated another way, without Kingfly, there is no dispute and there is no lawsuit.

Plaintiffs filed their Amended Complaint on August 14, 2025 asserting one count for Wrongful Use of Civil Proceedings and one count of Abuse of Process. In their Amended Complaint, Plaintiffs allege that in 2015, Blake Ragghianti ("Ragghianti") and Defendant

Mark Willson ("Willson") became co-owners of a craft distillery business after Willson invested capital into the venture, which ultimately became Kingfly. (Amended Complaint, ¶¶ 11, 12) Plaintiffs allege disagreements between Willson and Ragghianti culminated in Willson unilaterally locking Ragghianti out of the Kingfly business in 2020. (*Id.*, ¶¶ 13, 15) Willson, via Kingfly (and/or Ebbrezza), subsequently filed a lawsuit against Ragghianti in the Court of Common Pleas of Allegheny County, Pennsylvania at Docket No. GD-20-002719, asserting claims arising from the Kingfly dispute, including allegations that Ragghianti had misappropriated Kingfly property and other related tort and contract claims. (*Id.*, ¶ 19) Kingfly's accounting firm filed a lawsuit against Kingfly in the Erie County Court of Common Pleas seeking payment of its fees. Willson, through counsel, joined Ragghianti as a defendant in that suit. (*Id.*, ¶ 21) A third case was filed against Ragghianti, his wife Danielle Ragghianti, and several of Ragghianti's business associates, including Klett, in the United States District Court for the Western District of Pennsylvania alleging that the defendants in that case engaged in racketeering and damaged the Kingfly business and Willson. (*Id.*, ¶ 23) Willson, Ebbrezza, and Kingfly (Kingfly represented by Farneth) brought a claim under the federal Racketeer Influence and Corrupt Organizations Act (RICO) along with numerous state-law causes of action. (*Id.*, ¶¶ 23, 37)

Plaintiffs, Mr. and Mrs. Ragghianti, allege there was no basis to file the RICO case and that the RICO case was filed for an improper purpose. (*Id.*, ¶¶ 26, 27, 44-47) Defendants in the underlying RICO case filed a motion to dismiss the federal action which the court granted on September 25, 2023, for failure to state a RICO claim. (*Id.*, ¶¶ 35, 36) The court also refused to exercise supplemental jurisdiction over the remaining state-law claims. (*Id.*, ¶ 37) Mr. and Mrs. Ragghianti now allege they incurred significant harm in defending the RICO case,

including attorneys' fees and related legal costs, damage to Ragghianti's professional reputation and prospective business relationships, and emotional distress to both Plaintiffs. (*Id.*, ¶ 38-42)

Defendant Kingfly filed a Suggestion of Bankruptcy on February 18, 2026 notifying the Court that Kingfly filed a voluntary bankruptcy petition under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the Western District of Pennsylvania on February 10, 2026, and initiating a stay of proceedings pursuant to 11 U.S.C. § 362(a). *See* Docket Entry 44. Similarly, Defendant Kingfly filed a Suggestion of Bankruptcy on February 16, 2026 in the Court of Common Pleas of Allegheny County Case No. GD-25-008236, notifying the Court that Kingfly filed a voluntary bankruptcy petition under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the Western District of Pennsylvania on February 10, 2026, and initiating a stay of proceedings pursuant to 11 U.S.C. § 362(a). *See* Docket Entry 22. Pursuant to this filing, the Preliminary Objections argument scheduled for April 6, 2026 in GD-25-008236 was cancelled. Kingfly also filed a Suggestion of Bankruptcy in a case pending before the Pennsylvania Superior Court, Case No. 1475 WDA 2025, notifying the Court that Kingfly filed a voluntary bankruptcy petition under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the Western District of Pennsylvania on March 23, 2026. On April 24, 2026, the case was stayed in accordance with the automatic stay provision of the United States Bankruptcy Code, 11 U.S.C. § 362(a). That Order is attached hereto as **Exhibit B.** It is Farneth's position that this case should properly be stayed for as to all parties for the reasons set forth herein.

**ARGUMENT**

This stay in this case should extend to Farneth for one or more of the following reasons: 1) the automatic stay that arises from Kingfly's bankruptcy filing should extend to Farneth because the alleged malfeasance of Kingfly and Farneth are interrelated, intertwined, and intermingled such that it would be difficult, if not impossible, to disentangle the liability of the two; 2) there is a pending appeal of a Motion for a Protective Order in the Erie County case (*Tugirls, Inc., et al. v. Kingfly Spirits, LLC, et al.*, No. 12021-2020)—the resolution of which will directly impact discovery and defenses in this case; and 3) it is in the interest of judicial economy.

**A. Kingfly has filed for Bankruptcy and the automatic stay is in effect. Accordingly this case must properly be stayed because the claims and parties hereto are so intertwined with the Kingfly business that complete relief, both in terms of the claims and defenses, cannot be disentangled from Kingfly.**

"The court in which the litigation claimed to be stayed is pending thus 'has jurisdiction to determine not only its own jurisdiction but also the more precise question of whether the proceeding pending before it is subject to the automatic stay.'" *Com., Dep't of Env't Res. v. Ingram*, 658 A.2d 435, 437 (Pa. Commw. Ct. 1995) (*citing Brock v. Morysville Body Works*, 829 F.2d 383, 387 (3d Cir.1987)). Pursuant to Section 362 of the Bankruptcy Act,

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of—
>
> > (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title....

11 U.S.C. § 362(a)(1) (1991). The scope of the automatic stay is broad. *Assoc. of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d Cir.1982). "All proceedings are stayed, including ... judicial proceedings. Proceeding in this sense

encompasses civil actions...." *Id.* Section 362's stay is mandatory and applicable to all entities, including state and federal courts. 11 U.S.C. § 362(a). Courts have recognized that extending the automatic stay to non-bankrupt co-defendants is sensible and appropriate under the circumstances that are presented here. *McCartney v. Integra Nat. Bank N.*, 106 F.3d 506, 510 (3d Cir. 1997).

Here, Plaintiffs' Complaint arises from underlying cases that, almost entirely, arise out of the operations of Kingfly. Kingfly is at the center of this dispute. Farneth is involved only insofar as he is Kingfly's former counsel. Farneth's defense largely relies on justifying his actions based on information and evidence provided by his client, Kingfly. It follows that most, if not all, of the discovery that will inform Farneth's defense will come from Kingfly. Further, Plaintiffs allege that all defendants *acted together* when committing the tort of Wrongful Use of Civil Proceedings. (Complaint, ¶ 50) 28. Indeed, the Wrongful Use of Civil Proceedings count in Plaintiffs' Complaint is against all defendants. At no point does Plaintiff allege wrongdoing on the part of Kingfly for actions taken in isolation; rather, any alleged wrongdoing was done jointly with the other defendants. In Plaintiffs' prayer for relief, they seek damages against defendants "jointly and severally". Clearly, Plaintiffs' case against each of the defendants is very closely related, sharing an identity of evidence, issues and parties. If argued that Farneth was acting as Kingfly's agent when filing the Complaint at issue and a judgment is entered against Farneth, that judgment can be used in the case against Kingfly when the stay is lifted. It follows that any judgment against Farneth "will in effect be judgment or finding against [Kingfly]" and, as such, the circumstances are clearly present that make an extension of the stay to Farneth appropriate. *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986).

The court's ability to extend a stay to co-defendants of the debtor under a similar set of circumstances was demonstrated in *Raudonis as trustee for Walter J. Raudonis 2016 Revocable Tr. v. RealtyShares, Inc.*, 507 F. Supp. 3d 378, 383 (D. Mass. 2020). In that case, similarly to the facts here, there were no actions taken against the debtor in isolation and Plaintiffs sought damages against defendants jointly and severally. Defendants argued that the case should be stayed as to all defendants given how closely related they were, and the court agreed, holding that the pleadings "make it difficult to disentangle the liability of [the defendants]. Because the operations and alleged malfeasance of the defendants were "interrelated, intertwined and intermingled," extension of the stay in this case appears to be appropriate." *Id.* (internal citations omitted).

For this reason, the stay applied to Kingfly should be extended to Farneth.

**B. There is also currently a pending appeal on a Motion for a Protective Order in a related case that will directly impact discovery in this case, independently (of the Kingfly Bankruptcy) requiring this case be stayed until the resolution of that appeal.**

Pursuant to 231 Pa. Code Rule 4013, proceedings may also be stayed pending the disposition of a motion for good cause shown. Further, the Supreme Court of Pennsylvania has held that a grant of a stay is warranted if:

1. The petitioner makes a strong showing that he is likely to prevail on the merits.

2. The petitioner has shown that without the requested relief, he will suffer irreparable injury.

3. The issuance of a stay will not substantially harm other interested parties in the proceedings.

4. The issuance of a stay will not adversely affect the public interest.

*Pennsylvania Pub. Util. Comm'n v. Process Gas Consumers Grp.*, 467 A.2d 805, 808-809 (Pa. 1983) (*citing Virginia Petroleum Jobbers Association v. Federal Power Commission*, 259 F.2d 921 (D.C. Cir. 1958)). The District of Columbia Circuit Court further refined the *Virginia Jobbers* standard and held that "when confronted with a case in which the other three factors strongly favor interim relief[, the court] may exercise its discretion to grant a stay if the movant has made a substantial case on the merits." *Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977). "The requirement that the applicant for a stay show that it is likely he will prevail on the merits should not be an inflexible rule. This criterion must be considered and weighed relative to the other three criteria." *Pennsylvania Pub. Util. Comm'n*, 467 A.2d at 809, n. 8. "An application for a stay pending appeal always involves a situation in which the merits of the dispute have been fully considered in an adversary setting and a final decree rendered." *Id.*

Here, Blake Ragghianti filed a Motion for a Protective Order in a related case in the Court of Common Pleas of Erie County (*Tugirls, Inc., et al. v. Kingfly Spirits, LLC, et al.*, No. 12021-2020) to protect communications between him and the instant Plaintiff, David Klett pursuant to attorney-client privilege. Kingfly objected, arguing that the privilege was waived. After an appeal and remand, Ragghianti was ordered to submit communications between himself and Attorney David Klett for in-camera review to determine whether the communications were protected by attorney-client privilege. The protective order was then granted in part (*see* **Exhibit A**), and Kingfly appealed. That appeal, however, is still pending. Kingfly filed a Suggestion of Bankruptcy in that case, Case No. 1475 WDA 2025, notifying the Court that Kingfly filed a voluntary bankruptcy petition under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the Western

District of Pennsylvania on March 23, 2026. On April 24, 2026, the case was stayed in accordance with the automatic stay provision of the United States Bankruptcy Code, 11 U.S.C. § 362(a). That Order is attached hereto as **Exhibit B**. Documents at issue under that protective order are pivotal to Farneth's defense and thus would need to be produced in discovery. Accordingly, if this case was not stayed, Farneth would be greatly prejudiced in his defense, as he would be prohibited from producing evidence that is vital to his defense. Further, there is no harm to Plaintiffs by staying the case, especially given that the automatic stay discussed above already applies to Kingfly. The public's interest would also not be impacted by the court staying this case.

**C. This Court has discretion to stay any proceedings in the interest of judicial economy.**

The granting of a stay is within the discretion of the trial court. *Singer v. Dong Sup Cha*, 550 A.2d 791, 793 (Pa. Super. 1988); *Klein v. City of Philadelphia*, 465 A.2d 730, 731 (Pa. Commw. 1983). This Court has discretion to stay any proceedings before it so as "to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). *See also*, *Tchrs. Ins. & Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986) ("[T]he district courts often utilize their discretionary power to stay proceeding in the interest of justice and in control of their dockets."); *Nigro v. Blumberg*, 373 F. Supp. 1206, 1213 (E.D. Pa. 1974) ("When . . . the movants have met the burden of demonstrating that the interests of justice will be served and that plaintiff will not be prejudiced by a stay of these proceedings, we are persuaded to order such a stay.") Courts have stayed proceedings when "judicial resources and the resources of the parties will be conserved if this case proceeds as a whole, not piece meal." *Villafañe–Colon v. B Open Enters., Inc.*, 932 F. Supp. 2d

274, 281 (D.P.R. 2013) (noting that "[m]ost of the allegations in [the] complaint … relate to the [bankrupt defendant], not the other defendants" and that "efforts would be duplicated if and when the stay is lifted as to" the bankrupt defendant).

Here, Kingfly is a necessary party to these proceedings and, in fact, is the central basis for the matters in dispute among these parties. If Farneth is somehow found liable, it would only be by virtue of Farneth's position as Kingfly's counsel. If discovery is to be taken, the documents and answers sought are likely in Kingfly's custody and control. As discussed above, the allegations are made against all defendants in concert, with one count against all defendants jointly, seeking joint and several liability. It would be highly prejudicial and exceedingly difficult, if not impossible, to proceed against Farneth without Kingfly's participation. Attempting to do so will only waste the parties' and this Court's resources, as it would require duplicative discovery, duplicative dispositive motions, and potentially even duplicative trials. As such, this Court should exercise its discretion and stay these proceedings.

## CONCLUSION

For the above reasons, and in accordance with how this Court and the Superior Court of Pennsylvania have treated Kingfly's Suggestion of Bankruptcy thus far, Farneth respectfully requests that this Honorable Court stay the proceedings until the resolution of both 1) Kingfly's bankruptcy proceedings and 2) the Erie County (No. 12021-2020) pending appeal of Ragghianti's Motion for a Protective Order.

**[signatures on next page]**

Respectfully submitted,

DICKIE, McCAMEY & CHILCOTE, P.C.

By: */s/ Brett W. Farrar*

Steven W. Zoffer, Esquire
PA I.D.# 62497
Brett W. Farrar, Esquire
PA I.D.# 79217
Four Gateway Center
444 Liberty Ave, Suite
Pittsburgh, PA 15222
(412) 281-7272

*Counsel for Defendant, George R. Farneth Law Group, LLC*

**CERTIFICATE OF SERVICE**

I, Brett W. Farrar, Esquire, hereby certify that a true and accurate copy of the foregoing GEORGE R. FARNETH LAW GROUP, LLC'S AMENDED MOTION TO STAY PROCEEDINGS, BRIEF IN SUPPORT AND ORDER OF COURT was served this 18th day of May, 2026, via electronic mail upon the following as indicated:

Timothy D. McNair, Esquire
McNair Law Offices, PLLC
821 State Street
Erie, PA 16501
tmcnair@mcnairlaw.com
*(Counsel for Plaintiffs)*

Jamie L. Lenzi, Esquire
Cipriani & Werner, P.C.
650 Washington Road, Suite 700
Pittsburgh, PA 15228
jlenzi@c-wlaw.com
*(Counsel for Nicholas A. Miller and Brenlove & Fuller, LLC)*

Antionette C. Oliver, Esquire
Meyer, Unkovic & Scott, LLP
Henry W. Oliver Building
535 Smithfield Street, Suite 1300
Pittsburgh, PA 15222-3315
ACO@MUSLAW.com
*(Counsel for Mark J. Willson, Ebbrezza, Inc. and Kingfly Spirits, LLC)*

*/s/ Brett W. Farrar*
Brett W. Farrar, Esquire

## CERTIFICATE OF COMPLIANCE

"I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents."

Submitted by: Defendant George W. Farneth Law Group, LLC

Signature: */s/ Brett W. Farrar*

Name: Brett W. Farrar

Attorney No. (if applicable): 79217

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

BLAKE RAGGHIANTI AND DANIELLE RAGGHIANTI,

Plaintiffs,

v.

MARK J. WILLSON, EBBREZZA, INC., KINGFLY SPIRITS, LLC, GEORGE R. FARNETH LAW GROUP, LLC, NICHOLAS A. MILLER, and BRENLOVE & FULLER, LLC.,

Defendants.

COURT DIVISION DIVISION

GD 25-005403

**ORDER OF COURT**

AND NOW, to wit this ______________ day of _______________________, 2026, it is hereby ORDERED, ADJUDGED and DECREED that Defendant George R. Farneth Law Group, LLC's Amended Motion to Stay Proceedings is hereby GRANTED and these proceedings are hereby STAYED until the conclusion of Defendant Kingfly's Bankruptcy proceedings and the appeal of the Motion for Protective Order filed in *Tugirls, Inc., et al. v. Kingfly Spirits, LLC, et al.*, No. 12021-2020.

BY THE COURT:

_____________________________________, J.

35830529.14

Case# 2020-12021-248 Received at Erie County Prothonotary on 10/14/2025 10:45 AM, Fee = 0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

| | | |
|---|---|---|
| TUGIRLS, INC., d/b/a JUSTINA TUSHAK CPA, EA & COMPANY | : | IN THE COURT OF COMMON PLEAS |
| Plaintiff, | : | OF ERIE COUNTY, PENNSYLVANIA |
| v. | : | CIVIL DIVISION |
| KINGFLY SPIRITS, LLC, formerly doing Business as PORT OF PITTSBURGH DISTILLERY, LLC., | : | |
| Defendant, | : | |
| v. | : | |
| BLAKE RAGGHIANTI | : | |
| Additional Defendant | : | |
| v. | : | |
| MARK WILLSON and EBBREZZA, INC. | : | |
| Additional Defendants | : | No. 12021-2020 |

## ORDER

And now, this 14th day of October 2025, a hearing was held on March 7, 2025, pursuant to the January 28, 2025, Superior Court Memorandum remanding this case for an evidentiary hearing regarding Additional Defendant Ragghianti's Motion for Protective Order. Pursuant to this Court's September 18, 2025, Opinion and Order, Additional Defendant Ragghianti submitted communications[1] between himself and Attorney David Klett[2] for an *in camera* review to determine whether the communications were protected by attorney client privilege.[3]

A party claiming a communication is privileged must set forth facts showing the privilege was properly invoked. In this regard, the moving party must prove four elements:

> 1) the asserted holder of the privilege is or sought to become a client;
> 2) the person to whom the communication was made is a member of the bar of a court, or his subordinate;
> 3) the communication relates to a fact of which the attorney was informed by his client, without the presence of strangers, for the purpose of securing either an opinion of law, legal services or assistance in a legal matter, and not for the purpose of committing a crime or tort;
> 4) the privilege has been claimed and is not waived.

Upon that showing, the burden shifts to the party seeking disclosure, which must explain why the communication at issue should not be privileged. ***Bousamra v. Excela Health***, 210 A.3d 967, 982-

[1] Additional Defendant Ragghianti asserts counsel for other defendants read the allegedly privileged communications (emails and text messages) on a lap top. ***August 7, 2023, Mot. For Protective Order, ¶ 3.***
[2] It is undisputed that Additional Defendant Ragghianti has been represented by Attorney Klett for many years in various legal matters. ***August 7, 2023, Mot. For Protective Order, ¶ 5***.
[3] In his Motion for Protective Order, Additional Defendant Ragghianti requests that counsel for Defendant and other Additional Defendants destroy and/or delete any of his privileged communications in their possession.



This order/judgment was docketed and sent on 10/14/2025 pursuant to Pa. R. C. P. 236.

Case# 2020-12021-248 Received at Erie County Prothonotary on 10/14/2025 10:45 AM, Fee = 0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

983 (Pa. 2019)(citations and quotations omitted).

It is undisputed that Additional Defendant Ragghianti and Attorney Klett had an attorney-client relationship and that Additional Defendant Ragghianti is claiming that certain communications in the possession of counsel for Defendant and other Additional Defendants are privileged. Thus, the Court must determine whether the communications relate to a fact of which the attorney was informed by his client, without the presence of strangers, for the purpose of securing either an opinion of law, legal services or assistance in a legal matter, and if the privilege has been waived.

On October 2, 2025, Additional Defendant Ragghianti submitted to the Court, for an *in camera* review, a spreadsheet and screenshots of messages exchanged between he and David Klett, Esq.[4] The Court has reviewed the voluminous exhibits[5] and, after applying the four elements to prove the proper invocation of attorney-client privilege, the Court finds as follows:

Spreadsheet conversations denoted by record numbers: 1274 -1338; 1341-1346; 1426-1437; 11267-11268; 11607-12016; 12019-12408; 20604-20605; 20743-20750; 21300-2164; 21611-21615; 22608-23042; 25179-25911; 27226-27228; 28228-28251; 31410; 32878-32908; 35035; 35219-35223; 35261-35282; 37107-37108 are protected by attorney-client privilege.[6]

As the aforementioned communications between Additional Defendant Ragghianti and Attorney Klett are privileged, the Court must determine whether that privilege has been waived.[7] Defendant Kingfly and Additional Defendants Ebbrezza, Inc. and Willson assert:

> To the extent that any of the Communications were in fact privileged communications, that privilege has been waived as the Communications have been disclosed, via admittedly unknown reasons, to multiple third parties including Willson, investigators for the Allegheny County District Attorney's Office, and individuals at the FBI.

---

[4] In an October 6, 2025, phone call, Attorney McNair's office clarified that: (1) the blue-highlighted conversations were not privileged communications; (2) white conversations were allegedly privileged, or, there was not enough information to determine the status; (3) conversations by "Me" were sent from Additional Defendant Ragghianti; and (4) the phone number ending "0917" belonged to Attorney Klett.

[5] The spreadsheet contains over 800 entries and the PDF document contains fifty pages of conversations.

[6] The Court notes that although these communications between Additional Defendant Ragghianti and Attorney Klett related to legal/business matters, it is not clear from the record whether these communications are at all relevant to the instant case.

[7] The parties dispute how the communications came to be found on the laptop.

Case# 2020-12021-248 Received at Erie County Prothonotary on 10/14/2025 10:45 AM, Fee = 0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

***Joint Findings of Fact and Conclusions of Law, ¶ 28***.

The five factors to be considered to determine whether an inadvertent disclosure amounts to waiver of the privilege are: (1) the reasonableness of the precautions taken to prevent inadvertent disclosure in view of the extent of the document production; (2) the number of inadvertent disclosures; (3) the extent of the disclosure; (4) any delay and measures taken to rectify the disclosure; and (5) whether the overriding interests of justice would or would not be served by relieving the party of its errors. ***Carbis Walker, LLP v. Hill, Barth & King, LLC***, 930 A.2d 573 (Pa Super. 2007).

Here, the cause of the disclosure is disputed as there is no consensus on how the messages came to be viewable on the laptop. The number of disclosures was relatively small (twenty-one short conversations), and the extent of the disclosure was minimal. Moreover, although Additional Defendant Ragghianti was not especially vigilant in his efforts to rectify the disclosures[8], the Court concludes the interests of justice are served in not finding waiver of the privilege.[9]

As to the communications contained in the PDF document, the Court finds these conversations were, for the most part, duplicative of those contained in the spreadsheet. As to PDF pages 1; 25-34; 40, and 46-50, these communications are unintelligible and therefore the Court cannot determine if attorney-client privilege is applicable. As to pages 5 and 15, even if privilege would be applicable to the conversations, such privilege is waived as the conversations were contemporaneously shared with a "John Orlando" and "Jon Bindley".[10]

For the above reasons, Additional Defendant Ragghianti's Motion for Protective Order is **GRANTED in PART** in that Kingfly Spirits, LLC, f/d/b/a Port of Pittsburgh Distillery, LLC, and Additional Defendants Ebbrezza, Inc., and Mark J. Willson, and their attorneys shall destroy and/or

[8] That these conversations were viewed by third-parties was known for some time prior to the filing of Motion for Protective Order.
[9] The Court notes that the laptop was not in Additional Defendant Ragghianti's possession.
[10] "[T]he privilege is deemed waived once confidential attorney-client communications are disclosed to a third party." ***Joe v. Prison Health Servs., Inc.***, 782 A.2d 24, 31 (Pa. Cmwlth. 2001)

Case# 2020-12021-248 Received at Erie County Prothonotary on 10/14/2025 10:45 AM, Fee = 0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

delete the enumerated privileged communications between Additional Defendant Ragghianti and Attorney David Klett. All other aspects[11] of the Motion for Protective Order are **DENIED**.

**BY THE COURT:**

**Judge John J. Mead**

W. JOHN KNOX, ESQ. – BOX 18

TIMOTHY MCNAIR, ESQ. – BOX 54

GEORGE FARNETH, ESQUIRE

NICHOLAS MILLER, ESQ.

AL BURKE, JR. ESQ.

MATTHEW HERRON, ESQ.

[11] Additional Defendant Ragghianti requested Attorney Farneth be disqualified and prohibited from communications with successor counsel or witnesses.

Exhibit B
Filed 04/24/2026

| | |
|---|---|
| TUGIRLS, INC. D/B/A JUSTINA TUSHAK CPA, AND EA & COMPANY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | Erie County Civil Division 2020-12021 |
| KINGFLY SPIRITS LLC, FORMERLY D/B/A PORT OF PITTSBURGH DISTILLERY LLC | No. 1475 WDA 2025 |
| v. | |
| BLAKE RAGGHIANTI | |
| v. | |
| MARK WILLSON AND EBBREZZA, INC. | |
| APPEAL OF: KINGFLY SPIRITS LLC, FORMERLY D/B/A PORT OF PITTSBURGH DISTILLERY LLC, MARK WILLSON AND EBBREZZA, INC. | |

## ORDER

Upon notice that Appellant Kingfly Spirits LLC has initiated bankruptcy proceedings in the United States Bankruptcy Court for the Western District of Pennsylvania at No. 26-20387-cmb, the above-captioned appeal is **STAYED** in accordance with the automatic stay provision of the United States Bankruptcy Code, 11 U.S.C. § 362.

The parties shall be responsible for notifying this Court that: (1) the stay pursuant to the Bankruptcy Code is no longer in effect due to the issuance of an order by the Bankruptcy Court either lifting the automatic stay or providing for severance of any of the parties, in which case this Court will proceed with this appeal; or (2) the above-captioned appeal has been rendered moot by conclusion of the bankruptcy proceedings.

The parties shall be responsible for providing an initial update to this Court, in no less than six (6) months, or no later than **October 21, 2026**, as to the status of the bankruptcy proceedings.

The prothonotary of this Court is **DIRECTED** to send a copy of this Order to the Honorable John J. Mead, the Erie County Prothonotary's Office, and the parties.

PER CURIAM