# EXHIBIT G

**Order Re: Attorney-Client Privilege**

*Tugirls, Inc. v. Kingfly Spirits LLC*

No. 2020-12021 (Erie C.C.P.)

Dated October 14, 2025

Case# 2020-12021-248 Received at Erie County Prothonotary on 10/14/2025 10:45 AM, Fee = 0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

| | | |
|---|---|---|
| TUGIRLS, INC., d/b/a JUSTINA TUSHAK CPA, EA & COMPANY<br>Plaintiff,<br>v.<br>KINGFLY SPIRITS, LLC, formerly doing Business as PORT OF PITTSBURGH DISTILLERY, LLC.,<br>Defendant,<br>v.<br>BLAKE RAGGHIANTI<br>Additional Defendant<br>v.<br>MARK WILLSON and EBBREZZA, INC.<br>Additional Defendants | : | IN THE COURT OF COMMON PLEAS<br><br>OF ERIE COUNTY, PENNSYLVANIA<br>CIVIL DIVISION<br><br><br><br>No. 12021-2020 |

# ORDER

And now, this 14th day of October 2025, a hearing was held on March 7, 2025, pursuant to the January 28, 2025, Superior Court Memorandum remanding this case for an evidentiary hearing regarding Additional Defendant Ragghianti's Motion for Protective Order. Pursuant to this Court's September 18, 2025, Opinion and Order, Additional Defendant Ragghianti submitted communications[1] between himself and Attorney David Klett[2] for an *in camera* review to determine whether the communications were protected by attorney client privilege.[3]

A party claiming a communication is privileged must set forth facts showing the privilege was properly invoked. In this regard, the moving party must prove four elements:

> 1) the asserted holder of the privilege is or sought to become a client;
> 2) the person to whom the communication was made is a member of the bar of a court, or his subordinate;
> 3) the communication relates to a fact of which the attorney was informed by his client, without the presence of strangers, for the purpose of securing either an opinion of law, legal services or assistance in a legal matter, and not for the purpose of committing a crime or tort;
> 4) the privilege has been claimed and is not waived.

Upon that showing, the burden shifts to the party seeking disclosure, which must explain why the communication at issue should not be privileged. ***Bousamra v. Excela Health***, 210 A.3d 967, 982-

[1] Additional Defendant Ragghianti asserts counsel for other defendants read the allegedly privileged communications (emails and text messages) on a lap top. ***August 7, 2023, Mot. For Protective Order, ¶ 3.***
[2] It is undisputed that Additional Defendant Ragghianti has been represented by Attorney Klett for many years in various legal matters. ***August 7, 2023, Mot. For Protective Order, ¶ 5.***
[3] In his Motion for Protective Order, Additional Defendant Ragghianti requests that counsel for Defendant and other Additional Defendants destroy and/or delete any of his privileged communications in their possession.



This order/judgment was docketed and sent on 10/14/2025 pursuant to Pa. R. C. P. 236.

Case# 2020-12021-248 Received at Erie County Prothonotary on 10/14/2025 10:45 AM, Fee = 0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

983 (Pa. 2019)(citations and quotations omitted).

It is undisputed that Additional Defendant Ragghianti and Attorney Klett had an attorney-client relationship and that Additional Defendant Ragghianti is claiming that certain communications in the possession of counsel for Defendant and other Additional Defendants are privileged. Thus, the Court must determine whether the communications relate to a fact of which the attorney was informed by his client, without the presence of strangers, for the purpose of securing either an opinion of law, legal services or assistance in a legal matter, and if the privilege has been waived.

On October 2, 2025, Additional Defendant Ragghianti submitted to the Court, for an *in camera* review, a spreadsheet and screenshots of messages exchanged between he and David Klett, Esq.[4] The Court has reviewed the voluminous exhibits[5] and, after applying the four elements to prove the proper invocation of attorney-client privilege, the Court finds as follows:

Spreadsheet conversations denoted by record numbers: 1274 -1338; 1341-1346; 1426-1437; 11267-11268; 11607-12016; 12019-12408; 20604-20605; 20743-20750; 21300-2164; 21611-21615; 22608-23042; 25179-25911; 27226-27228; 28228-28251; 31410; 32878-32908; 35035; 35219-35223; 35261-35282; 37107-37108 are protected by attorney-client privilege.[6]

As the aforementioned communications between Additional Defendant Ragghianti and Attorney Klett are privileged, the Court must determine whether that privilege has been waived.[7] Defendant Kingfly and Additional Defendants Ebbrezza, Inc. and Willson assert:

> To the extent that any of the Communications were in fact privileged communications, that privilege has been waived as the Communications have been disclosed, via admittedly unknown reasons, to multiple third parties including Willson, investigators for the Allegheny County District Attorney's Office, and individuals at the FBI.

---

[4] In an October 6, 2025, phone call, Attorney McNair's office clarified that: (1) the blue-highlighted conversations were not privileged communications; (2) white conversations were allegedly privileged, or, there was not enough information to determine the status; (3) conversations by "Me" were sent from Additional Defendant Ragghianti; and (4) the phone number ending "0917" belonged to Attorney Klett.

[5] The spreadsheet contains over 800 entries and the PDF document contains fifty pages of conversations.

[6] The Court notes that although these communications between Additional Defendant Ragghianti and Attorney Klett related to legal/business matters, it is not clear from the record whether these communications are at all relevant to the instant case.

[7] The parties dispute how the communications came to be found on the laptop.

Case# 2020-12021-248 Received at Erie County Prothonotary on 10/14/2025 10:45 AM, Fee = 0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

***Joint Findings of Fact and Conclusions of Law, ¶ 28***.

The five factors to be considered to determine whether an inadvertent disclosure amounts to waiver of the privilege are: (1) the reasonableness of the precautions taken to prevent inadvertent disclosure in view of the extent of the document production; (2) the number of inadvertent disclosures; (3) the extent of the disclosure; (4) any delay and measures taken to rectify the disclosure; and (5) whether the overriding interests of justice would or would not be served by relieving the party of its errors. ***Carbis Walker, LLP v. Hill, Barth & King, LLC***, 930 A.2d 573 (Pa Super. 2007).

Here, the cause of the disclosure is disputed as there is no consensus on how the messages came to be viewable on the laptop. The number of disclosures was relatively small (twenty-one short conversations), and the extent of the disclosure was minimal. Moreover, although Additional Defendant Ragghianti was not especially vigilant in his efforts to rectify the disclosures[8], the Court concludes the interests of justice are served in not finding waiver of the privilege.[9]

As to the communications contained in the PDF document, the Court finds these conversations were, for the most part, duplicative of those contained in the spreadsheet. As to PDF pages 1; 25-34; 40, and 46-50, these communications are unintelligible and therefore the Court cannot determine if attorney-client privilege is applicable. As to pages 5 and 15, even if privilege would be applicable to the conversations, such privilege is waived as the conversations were contemporaneously shared with a "John Orlando" and "Jon Bindley".[10]

For the above reasons, Additional Defendant Ragghianti's Motion for Protective Order is **GRANTED in PART** in that Kingfly Spirits, LLC, f/d/b/a Port of Pittsburgh Distillery, LLC, and Additional Defendants Ebbrezza, Inc., and Mark J. Willson, and their attorneys shall destroy and/or

---

[8] That these conversations were viewed by third-parties was known for some time prior to the filing of Motion for Protective Order.

[9] The Court notes that the laptop was not in Additional Defendant Ragghianti's possession.

[10] "[T]he privilege is deemed waived once confidential attorney-client communications are disclosed to a third party." ***Joe v. Prison Health Servs., Inc.***, 782 A.2d 24, 31 (Pa. Cmwlth. 2001)

Case# 2020-12021-248 Received at Erie County Prothonotary on 10/14/2025 10:45 AM, Fee = 0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

delete the enumerated privileged communications between Additional Defendant Ragghianti and Attorney David Klett. All other aspects[11] of the Motion for Protective Order are **DENIED**.

**BY THE COURT:**

John J. Mead

**Judge John J. Mead**

W. JOHN KNOX, ESQ. – BOX 18

TIMOTHY MCNAIR, ESQ. – BOX 54

GEORGE FARNETH, ESQUIRE

NICHOLAS MILLER, ESQ.

AL BURKE, JR. ESQ.

MATTHEW HERRON, ESQ.

[11] Additional Defendant Ragghianti requested Attorney Farneth be disqualified and prohibited from communications with successor counsel or witnesses.