# EXHIBIT J

---

**The Farneth Law Group, LLC's Response in Opposition**

to Plaintiffs' Motion to Sever

No. GD-25-005403 (Allegheny C.C.P.)

Filed June 1, 2026

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

BLAKE RAGGHIANTI and DANIELLE RAGGHIANTI,

Plaintiffs,

v.

MARK J. WILLSON, EBBREZZA, INC., KINGFLY SPIRITS, LLC, GEORGE R. FARNETH LAW GROUP, LLC, NICHOLAS A. MILLER, and BRENLOVE & FULLER, LLC.,

Defendants.

COURT DIVISION DIVISION

GD 25-005403

**GEORGE R. FARNETH LAW GROUP, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO SEVER KINGFLY SPIRITS, LLC AND CONTINUE PROCEEDINGS AGAINST REMAINING DEFENDANTS**

Filed on behalf of Defendant, George R. Farneth Law Group, LLC

Attorneys for: Defendant, George R. Farneth Law Group, LLC

Counsel of record for these parties:

Steven W. Zoffer, Esquire
PA I.D.# 62497
szoffer@dmclaw.com

Brett W. Farrar, Esquire
PA I.D. #79217
bfarrar@dmclaw.com

Dickie, McCamey & Chilcote, P.C.
Firm #067
Four Gateway Center
444 Liberty Ave, Suite 1000
Pittsburgh, PA 15222

(412) 281-7272

**JURY TRIAL DEMANDED**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| BLAKE RAGGHIANTI AND DANIELLE RAGGHIANTI,<br><br>Plaintiffs,<br><br>v.<br><br>MARK J. WILLSON, EBBREZZA, INC., KINGFLY SPIRITS, LLC, GEORGE R. FARNETH LAW GROUP, LLC, NICHOLAS A. MILLER, and BRENLOVE & FULLER, LLC.,<br><br>Defendants. | COURT DIVISION DIVISION<br><br>GD 25-005403 |

**GEORGE R. FARNETH LAW GROUP, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO SEVER KINGFLY SPIRITS, LLC AND CONTINUE PROCEEDINGS AGAINST REMAINING DEFENDANTS**

AND NOW, comes The Farneth Law Group, LLC ("Farneth" unless otherwise specifically identified) improperly identified as George R. Farneth Law Group, LLC, by and through its attorneys, Dickie, McCamey & Chilcote, P.C., and files this Response in Opposition to Plaintiffs' Motion to Sever Kingfly Spirits, LLC and Continue Proceedings Against Remaining Defendants as follows:

## I. BACKGROUND

1. Farneth admits in part and denies in part the averments in this paragraph. Defendant Farneth admits that Plaintiffs filed this action under the Dragonetti Act for wrongful use of civil proceedings. The remainder of the averments in this paragraph are denied. By way of further response, Plaintiffs oversimply the matter and disregard the very nature of this action. By its nature, a wrongful use case requires an examination of the underlying proceedings that form the basis of the alleged wrongful use of civil proceedings. Here, the underlying proceedings arose out of disputes over a Distillery

business—Kingfly Spirits, LLC—that, until February 10, 2026, operated in the strip district neighborhood of the City of Pittsburgh, Pennsylvania. Kingfly Spirits, LLC (hereinafter "Kingfly") is not only itself a key party to this proceeding, but is at the core of the dispute; it is what brought these parties together and is the very reason these parties find themselves before this Honorable Court. Stated another way, without Kingfly, there is no dispute and there is no lawsuit.

2. The averments in this paragraph refer to a document in writing which speaks for itself and all characterizations of that document are denied.

3. The averments in this paragraph refer to a document in writing which speaks for itself and all characterizations of that document are denied.

4. The averments in this paragraph state conclusions of law which are denied. To the extent that a response is deemed necessary, Farneth admits in part and denies in part the averments in this paragraph. Farneth admits that Farneth is not a debtor in bankruptcy. The remaining averments are denied. By way of further response, because the facts and claims asserted by Plaintiffs against all Defendants are inextricably intertwined, the stay should be applied to all Defendants so as not to prejudice all Defendants and in the interest of judicial economy. Further, there are independent grounds for staying this proceeding beyond the automatic stay pursuant to Kingfly's bankruptcy filing. That is, pursuant to 231 Pa. Code Rule 4013, proceedings should also be stayed pending the disposition of a motion for good cause shown. Here, there is a pending appeal in the Superior Court of Pennsylvania, *Tugirls, Inc. d/b/a Justina Tushak CPA and EA & Company v. Kingfly Spirits LLC, formerly d/b/a Port of Pittsburgh Distillery LLC, v. Blake Ragghianti v. Mark Willson and Ebbreazza, Inc.*, Case No. 1475 WDA 2025, involving these same parties and documents that are

relevant to Farneth's defense and that has already been stayed by Kingfly filing the same bankruptcy. (Exhibit A, April 24, 2026 Superior Court Order staying appeal) Until that appeal, which is currently stayed in accordance with the automatic stay provision of the United States Bankruptcy Code, 11 U.S.C. § 362(a), is resolved, Farneth will be prohibited from producing evidence that is relevant to his defense.

## II. ARGUMENT

### A. The proceeding should be stayed in its entirety because the claims and parties hereto are so intertwined with Kingfly that complete relief, both in terms of the claims and defenses, cannot be disentangled from Kingfly.

5. Farneth denies the averments in this paragraph. Pursuant to Pennsylvania case law interpreting 11 U.S.C. § 362(a), courts, within their discretion, may extend stays to other Defendants than the debtor. *See e.g., A.H. Robins v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986) (concluding that stay should be extended where "there is such identity between the debtor and the third-party defendant that debtor may be said to be the real party defendant and a judgment against the third-party defendant will in effect be a judgment or finding against the debtor"). Courts have recognized that extending the automatic stay to non-bankrupt co-defendants is sensible and appropriate under certain circumstances as recognized by the authority cited by Plaintiffs, *McCartney v. Integra Nat. Bank N.*, 106 F.3d 506, 510 (3d Cir. 1997). *See also Raudonis as Trustee for Walter J. Raudonis 2016 Revocable Tr. v. RealtyShares, Inc.*, 507 F. Supp. 3d 378, 383 (D. Mass. 2020) (stay appropriate where no actions taken against the debtor in isolation, plaintiffs sought damages against defendants jointly and severally; operations and alleged malfeasance of the defendants were "interrelated, intertwined and intermingled"). Here, Plaintiffs' Complaint arises from underlying cases that arise

out of the operations of Kingfly. Kingfly is at the center of this dispute; these cases do not exist without Kingfly. Indeed, Farneth is involved only insofar as he served as Kingfly's counsel; his defense largely relies on justifying his actions based on information and evidence provided by his client, Kingfly; and most, if not all, of the discovery that will inform Farneth's defense will come from Kingfly and/or will be determined by the pending appeal in Case No. 1475 WDA 2025 which is currently stayed due to the same bankruptcy that has been filed and is at issue here. At no point in the wrongful use of civil proceedings action before this Court do Plaintiffs allege wrongdoing on the part of Kingfly for actions taken in isolation; rather, any alleged wrongdoing was done jointly with the other Defendants. In Plaintiffs' prayer for relief, they seek damages against Defendants "jointly and severally". Clearly, Plaintiffs' case against each of the Defendants is very closely related, sharing an identity of evidence, issues and parties. If it is argued that Farneth was acting as Kingfly's agent when filing the Complaint at issue that forms the basis for the wrongful use of civil proceedings action and a judgment is entered against Farneth, that judgment can be used in the case against Kingfly when the stay is lifted. Any judgment against Farneth will in effect be judgment or finding against Kingfly. Further, Kingfly's bankruptcy filing is not the *only* basis for the stay. As discussed in Farneth's Motion to Stay and above, the pending and currently stayed Superior Court appeal will determine Farneth's ability to use certain documents that are key to his defense to demonstrate why Farneth had reason to believe there was probable cause to bring the underlying RICO action. As such, all Defendants would be greatly prejudiced if the case were to proceed before

that Superior Court appeal Case No. 1475 WDA 2025, currently stayed due to the same bankruptcy, is decided.

6. Farneth denies the averments in this paragraph. To the contrary, Courts have long recognized that the automatic stay applied to a debtor can also apply to other parties. A stay is warranted here as the facts and claims are so intertwined that they cannot be disentangled. Notably, in the pending Superior Court appeal, the Superior Court has already stayed the proceedings as to all parties. *See* Exhibit A. Importantly, Plaintiffs do not cite any Pennsylvania case law or other authority where a debtor defendant was severed from a wrongful use of civil proceedings case, the relief which Plaintiffs seek from this Court.

7. Farneth denies the averments in this paragraph.

**B. Severance prejudices the remaining Defendants and is not in the interest of judicial economy.**

8. The averments in this paragraph refer to Pa.R.C.P. 213(b) which speaks for itself and all characterizations thereof are denied. To the extent that a further response is deemed necessary, Farneth denies that severance of Kingfly is warranted and necessary.

9. The averments in this paragraph state conclusions of law which are denied. To the extent that a response is deemed necessary, Farneth denies the averments in this paragraph.

10. The averments in this paragraph state conclusions of law which are denied. To the extent that a response is deemed necessary, Farneth denies the averments in this paragraph. The averments are in direct contradiction to Plaintiffs' own pleadings. In paragraph 50 of Plaintiffs' Amended Complaint, Plaintiffs allege "the acts of

Defendants, **acting together**, violate the Pennsylvania Wrongful Use of Civil Proceedings Act . . . ." (emphasis added). Further, in their prayer for relief, Plaintiffs seek damages against defendants "jointly and severally". Clearly, Plaintiffs have already admitted their case against each Defendant is directly related to the other Defendants, sharing an identity of evidence, issues and parties. As such, severing one Defendant and proceeding against all others is not only illogical, but is prejudicial and likely to result in inconsistent or duplicative recovery inherently found when undertaking duplicative proceedings.

11. Farneth denies the averments in this paragraph. The interests of judicial economy are certainly not served by requiring two separate proceedings based upon identical facts, the same key parties, and the same underlying dispute. Further, Farneth would be greatly prejudiced by moving forward with this case before the pending, stayed Superior Court appeal is adjudicated, the ruling of which will impact Farneth's defense in the case before this Court.

**C. Plaintiffs are not substantially prejudiced by this Court staying this case.**

12. Farneth denies the averments in this paragraph. To the contrary, as discussed herein, a stay is in the interest of justice and judicial economy in that the parties will have an opportunity to present all necessary evidence and have all necessary parties—particularly Kingfly which is at the core of this dispute—participate, and the Court will not be required to adjudicate two cases with identical facts, parties and claims.

13. The averments in this paragraph are not directed to Farneth and no response is necessary. To the extent that a response is deemed necessary, Farneth denies the averments in this paragraph.

14. Farneth denies the averments in this paragraph. As discussed herein, Farneth is prejudiced if Kingfly is severed and the proceeding continues without it, as all facts and claims directly arise from Kingfly which is at the core of this dispute.

WHEREFORE, Farneth respectfully requests that this Court deny Plaintiffs' Motion to Sever Kingfly Spirits, LLC and Continue Proceedings Against Remaining Defendants and further grant the relief requested in Farneth's Amended Motion to Stay, staying this case until the conclusion of Defendant Kingfly's Bankruptcy proceedings and the appeal currently stayed in the Superior Court of Pennsylvania, *Tugirls, Inc. d/b/a Justina Tushak CPA and EA & Company v. Kingfly Spirits LLC, formerly d/b/a Port of Pittsburgh Distillery LLC, v. Blake Ragghianti v. Mark Willson and Ebbreazza, Inc.*, Case No. 1475 WDA 2025.

Respectfully submitted,

DICKIE, McCAMEY & CHILCOTE, P.C.

By: */s/ Brett W. Farrar*

Steven W. Zoffer, Esquire
PA I.D.# 62497
Brett W. Farrar, Esquire
PA I.D.# 79217
Four Gateway Center
444 Liberty Ave, Suite
Pittsburgh, PA 15222
(412) 281-7272

*Counsel for Defendant, George R. Farneth Law Group, LLC*

**Exhibit A**
Filed 04/24/2026

| | |
|---|---|
| TUGIRLS, INC. D/B/A JUSTINA TUSHAK CPA, AND EA & COMPANY<br><br>v.<br><br>KINGFLY SPIRITS LLC, FORMERLY D/B/A PORT OF PITTSBURGH DISTILLERY LLC<br><br>v.<br><br>BLAKE RAGGHIANTI<br><br>v.<br><br>MARK WILLSON AND EBBREZZA, INC.<br><br>APPEAL OF: KINGFLY SPIRITS LLC, FORMERLY D/B/A PORT OF PITTSBURGH DISTILLERY LLC, MARK WILLSON AND EBBREZZA, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br>Erie County Civil Division 2020-12021<br><br>No. 1475 WDA 2025 |

## **ORDER**

Upon notice that Appellant Kingfly Spirits LLC has initiated bankruptcy proceedings in the United States Bankruptcy Court for the Western District of Pennsylvania at No. 26-20387-cmb, the above-captioned appeal is **STAYED** in accordance with the automatic stay provision of the United States Bankruptcy Code, 11 U.S.C. § 362.

The parties shall be responsible for notifying this Court that: (1) the stay pursuant to the Bankruptcy Code is no longer in effect due to the issuance of an order by the Bankruptcy Court either lifting the automatic stay or providing for severance of any of the parties, in which case this Court will proceed with this appeal; or (2) the above-captioned appeal has been rendered moot by conclusion of the bankruptcy proceedings.

The parties shall be responsible for providing an initial update to this Court, in no less than six (6) months, or no later than **October 21, 2026**, as to the status of the bankruptcy proceedings.

The prothonotary of this Court is **DIRECTED** to send a copy of this Order to the Honorable John J. Mead, the Erie County Prothonotary's Office, and the parties.

PER CURIAM

**CERTIFICATE OF SERVICE**

I, Brett W. Farrar, Esquire, hereby certify that a true and accurate copy of the foregoing GEORGE R. FARNETH LAW GROUP, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO SEVER KINGFLY SPIRITS, LLC AND CONTINUE PROCEEDINGS AGAINST REMAINING DEFENDANTS was served this 1st day of June, 2026, via electronic mail upon the following as indicated:

Timothy D. McNair, Esquire
McNair Law Offices, PLLC
821 State Street
Erie, PA 16501
tmcnair@mcnairlaw.com
*(Counsel for Plaintiffs)*

Jamie L. Lenzi, Esquire
Cipriani & Werner, P.C.
650 Washington Road, Suite 700
Pittsburgh, PA 15228
jlenzi@c-wlaw.com
*(Counsel for Nicholas A. Miller and Brenlove & Fuller, LLC)*

Kathryn L. Harrison, Esquire
Campbell & Levine, LLC
310 Grant St, #1700
Pittsburgh, PA 15219
kharrison@camlev.com
*(Chapter 7 Trustee for Kingfly Spirits, LLC)*

Antionette C. Oliver, Esquire
Meyer, Unkovic & Scott, LLP
Henry W. Oliver Building
535 Smithfield Street, Suite 1300
Pittsburgh, PA 15222-3315
ACO@MUSLAW.com
*(Counsel for Mark J. Willson, Ebbrezza, Inc. and Kingfly Spirits, LLC)*

*/s/ Brett W. Farrar*
Brett W. Farrar, Esquire

## CERTIFICATE OF COMPLIANCE

"I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents."

Submitted by: Defendant George W. Farneth Law Group, LLC

Signature: */s/ Brett W. Farrar*

Name: Brett W. Farrar

Attorney No. (if applicable): 79217

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| BLAKE RAGGHIANTI AND DANIELLE RAGGHIANTI,<br><br>Plaintiffs,<br><br>v.<br><br>MARK J. WILLSON, EBBREZZA, INC., KINGFLY SPIRITS, LLC, GEORGE R. FARNETH LAW GROUP, LLC, NICHOLAS A. MILLER, and BRENLOVE & FULLER, LLC.,<br><br>Defendants. | COURT DIVISION DIVISION<br><br>GD 25-005403 |

**ORDER OF COURT**

AND NOW, to wit this _____________ day of ______________________, 2026, it is hereby ORDERED, ADJUDGED and DECREED that Plaintiffs' Motion to Sever Kingfly Spirits, LLC and Continue Proceedings Against Remaining Defendants is hereby DENIED.

BY THE COURT:

____________________________________, J.

35964833.3